# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON LATIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-13481-FDS |
| DEPARTMENT OF CORRECTIONS ) | |
| CORRECTIONAL STAFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, D.J.**

For the reasons set forth below, the Court (1) grants the plaintiff's motion to proceed *in forma pauperis*; (2) orders that summonses issue as to defendants Poon, Pontes, Houle and Clancy; (3) directs the plaintiff to show cause why the Department of Corrections correctional staff should not be dismissed as a defendant; and (4) grants plaintiff's motion for extension of time.

## I. Background

Jason Latimore, a resident of Boston, filed a *pro se* complaint alleging the violation of his constitutional rights. With his complaint, he filed a motion to proceed *in forma pauperis*. Plaintiff alleges that correctional officer Poole used excessive force against him while he was incarcerated at MCI Norfolk. Plaintiff further alleges that correctional officers Pontes, Houle and Clancy either witnessed the incident and/or plaintiff's injuries and failed to take appropriate action.

## II. Analysis

Upon review of the motion to proceed *in forma pauperis*, the Court concludes that the plaintiff has adequately shown that he is without means to pay the applicable filing fee. The Court therefore grants the motion.

Plaintiff's claims for violations of his constitutional rights are brought under 42 U.S.C. § 1983. This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

To the extent the complaint names the Department of Corrections correctional staff as a defendant, this defendant is not a proper party to this suit. Prisons and departments thereof generally are not deemed to be "persons" for purposes of Section 1983. *See*, *e.g.*, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); *Barnett v. Massachusetts*, No. 13-10038-DPW, 2013 WL 210616, *3 (D. Mass. Mar. 11, 2013) (holding that a prison is not a suable entity under Section 1983). Moreover, defendants cannot be expected to respond to pleadings that are confusing as to what the claims are and against whom. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Thus, the "Department of Corrections correctional staff" is not a proper party defendant for a civil rights claim and this defendant will be dismissed as a party to this action unless Latimore shows good cause why the Court should not take this action.

## III. Conclusion

For the foregoing reasons:

1. The motion to proceed *in forma pauperis* is GRANTED.

2. The clerk shall issue summons as to defendants Poon, Pontes, Houle and Clancy, and the United States Marshals Service shall serve a copy of the summonses, complaint, and this Memorandum and Order upon these four defendants as directed by the plaintiff with all costs of service to be advanced by the United States.

3. The motion for extension of time is GRANTED. Notwithstanding Local Rule 4.1 and Fed. R. Civ. P. 4(m), the plaintiff shall have 120 days from the date of issuance of summonses to complete service on Poon, Pontes, Houle and Clancy.

4. The defendants are required to respond to the complaint. *See* 42 U.S.C. § 1997e(g)(2).

5. The Department of Corrections correctional staff will be dismissed as a party unless the plaintiff shows good cause in writing why the claims against this party should not be dismissed for the reasons stated above. The plaintiff has 42 days from the date of this Memorandum and Order to comply with this directive.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 25, 2015