UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JASON LATIMORE,                     )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No.
    v.                              )   14-13481-FDS
                                    )
JOHN HOULE, WILLIAM GROSSI,         )
and VINCENT POON,                   )
                                    )
        Defendants.                 )
_____ )

### MEMORANDUM AND ORDER ON
### PLAINTIFF'S MOTIONS TO AMEND

**SAYLOR, J.**

This action arises out of an alleged attack on a prisoner by a correctional officer at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). In his second amended complaint, plaintiff Jason Latimore asserts claims for relief under 42 U.S.C. § 1983, Mass. Gen. Laws ch. 12 § 11I, and state tort law. The second amended complaint alleges that on November 2, 2011, defendant Vincent Poon repeatedly slammed the trap door to Latimore's cell on Latimore's hands and arms, severely injuring him. It further alleges that defendant John Houle, who was the lieutenant on duty, failed to report the incident or to reprimand Poon for his actions. Finally, it alleges that defendant William Grossi, the security director, failed to investigate Latimore's grievances or arrange for medical treatment.

Latimore has filed two motions for leave to amend the complaint a third time. The proposed complaint is 44 pages long, with 76 pages of exhibits; it seeks to add 15 new

defendants and a variety of new theories and claims. For the reasons set forth below, the motions will be denied.

I. **Background**

On August 22, 2014, Latimore filed suit in this court against the Department of Corrections and against individual defendants Houle, Poon, Fernando Pontes, and David Clancy in both their individual and official capacities. (Docket No. 1). The complaint originally alleged five causes of action: a claim under 42 U.S.C. § 1983 for excessive force in violation of the Eighth Amendment (Count One); a claim under Mass. Gen. Laws ch. 12 § 11I for excessive force in violation of Article XXVI of the Massachusetts Declaration of Rights (Count Two); a claim for common-law battery (Count Three); a claim for intentional infliction of emotional distress (Count Four); and a claim under 42 U.S.C. § 1983 for a failure to supervise (Count Five).

On June 29, 2015, the four individual defendants filed a joint motion to dismiss various counts in the complaint for failure to state a claim upon which relief can be granted. (Docket No. 17). On November 13, 2015, the Court issued a memorandum and order dismissing all counts against the individual defendants in their official capacities; all counts against Pontes and Clancy; and Counts One through Four against Houle. (Docket No. 27).

Thereafter, on November 30, 2015, Latimore filed his first motion to amend his complaint to add a claim for deliberate indifference to serious medical needs. (Docket No. 30). Although the Court had already ruled on the motion to dismiss, in light of his *pro se* status, the Court granted the motion to amend on February 5, 2016. (Docket No. 36).

On May 25, 2016, the Court issued a scheduling order stating that "[e]xcept for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert

new claims or defenses may be filed after [July 10, 2016]." (Docket No. 74). The deadline for amendments to pleadings has not been changed since. The scheduling order also set a deadline for completing all discovery, other than expert discovery, of September 17, 2016. (*Id.*).

On July 14, 2016, attorney Bronwyn Roberts entered an appearance *pro bono* on behalf of Latimore. (Docket No. 107). Because attorney Roberts needed time to adequately prepare, the Court issued an amended scheduling order resetting deadlines for discovery and the filing of dispositive motions. (Docket No. 119). The amended scheduling order did not extend the deadline for filing motions to amend the pleadings.

On September 9, 2016, while represented by counsel, Latimore filed a motion for leave to file a second amended complaint. (Docket No. 122). The proposed second amended complaint added three new defendants who were Department of Corrections staff (Grossi, Gary Roden, and Stephanie Collins) and one new defendant who was a nurse at UMass Correctional Health (Beth Chamberlain). It also added new claims relating to alleged inadequate health care, retaliation for the bringing of this action, and invasion of privacy. Although the deadline for amending the pleadings had expired, the Court granted the motion in part on October 3, 2016, denying amendment only as to the emotional distress claim with respect to defendant Roden. (Docket No. 125).

Approximately three weeks later, the parties jointly moved to extend the discovery deadlines. (Docket No. 130). The Court granted the motion on November 1, 2016. (Docket Nos. 131, 133). Latimore then moved to fire his *pro bono* counsel, attorney Roberts, and proceed *pro se*, which the magistrate judge granted on December 28, 2016. (Docket No. 147).

On February 3, 2017, the Court issued an order dismissing all claims against defendants Chamberlain and Collins. (Docket No. 171). At that point, the only defendants remaining were Houle, Poon, and Grossi.

The Court extended discovery deadlines again on February 3, 2017. (Docket No. 169). Latimore further moved to extend the discovery deadlines on May 3, 2017. (Docket No. 241). The Court granted his motion and set a deadline of July 14, 2017, for fact discovery (Docket No. 253). The Court later set a deadline of February 1, 2018, for filing dispositive motions. (Docket No. 343).

On November 17, 2017, Latimore filed a motion for leave to file a third amended complaint, but did not attach a proposed amended complaint. (Docket No. 345). He then filed a duplicative motion on November 27, 2017, that did include a proposed amended complaint. (Docket No. 350). The proposed amended complaint adds 15 new defendants and several new theories and claims. Defendants oppose the motions on the ground of undue delay.

## II. Standard of Review

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A party seeking to amend a complaint after the deadline set forth in a scheduling order

must demonstrate "good cause" for the delay. *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). The reason for the heightened standard under Rule 16 as compared with Rule 15 is to "preserve[ ] the integrity and effectiveness of Rule 16(b) scheduling orders." *Id.* at 155. In analyzing the reasons for delay, the court must "focus[ ] on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also O'Connell*, 357 F.3d at 155. ("Prejudice to the opposing party remains relevant but is not the dominant criterion.").

**III.     Analysis**

The original complaint was filed more than three years ago, in August 2014. In light of his *pro se* status, this Court granted plaintiff an initial opportunity to amend the complaint on February 5, 2016. The Court then issued a scheduling order establishing a deadline of July 10, 2016, for motions to amend the pleadings. Notwithstanding the scheduling order, the Court granted plaintiff a second opportunity to amend the complaint on October 3, 2016.

Plaintiff has now moved to amend the complaint a third time. That motion came 16 months after the scheduling order deadline for amendments to the pleadings and four months after the close of fact discovery. The new defendants would be entitled to reopen discovery, engendering further delays.

Plaintiff has not offered a plausible reason to justify the delay, other than a bare assertion of "illegal confinement and confiscation of [ ] discovery in this matter by DOC personnel at [Old Colony Correctional Center]." There has been no material change in the facts since the alleged attack occurred over six years ago. That is insufficient to establish the good cause required under Rule 16.

Furthermore, and in any event, the second amended complaint drafted by attorney

Roberts concisely states plaintiff's theory of the case, and the proposed third amended complaint would add new defendants and theories that are at best only tangentially related to the alleged attack.

In summary, the motions to amend the complaint will be denied on the ground of undue delay.

## IV. Conclusion

For the foregoing reasons, plaintiff's motions to amend the complaint are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: December 7, 2017                United States District Judge