**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON LATIMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 14-13481-FDS |
| ) | |
| JOHN HOULE, WILLIAM GROSSI, ) | |
| and VINCENT POON, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFF'S OUTSTANDING MOTIONS

**SAYLOR, J.**

This action arises out of an alleged attack on a prisoner by a correctional officer at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). There are currently 13 outstanding motions filed by plaintiff Jason Latimore:

1. Motion for Sanctions (Docket No. 363)

2. Motion to Inform the Court of Additional Assaults (Docket No. 364)

3. Motion for Ruling on Medical Records (Docket No. 365)

4. Motion for Ruling on Medical Records (Docket No. 370)

5. Motion for Sanctions (Docket No. 372)

6. Motion for a Court Order to Allow Medical Expert to Examine Plaintiff (Docket No. 374)

7. Motion for "Assault by DOC Correctional Staff" (Docket No. 375)

8. Motion for "Illegal Stealing of all Outgoing Legal Mail" (Docket No. 376)

9. Motion for Copy of Docket Sheet (Docket No. 377)

10. Motion for "Failure to Administer the Docket Filings" (Docket No. 386)

11. Motion for Expedited Determination of Motion for Sanctions (Docket No. 394)

12. Motion to Alter Remedy (Docket No. 395)

13. Motion for Expedited Determination of Motion for Sanctions (Docket No. 396)

Several motions (Docket Nos. 363, 372, 394, 396) concern plaintiff's request that defendants provide copies of video footage of the alleged assault. However, defendants have represented multiple times that no video recording of this incident exists, and plaintiff has provided no evidence such a recording ever existed. Defendants cannot be sanctioned for failing to produce a non-existent recording. Therefore, the motions for sanctions (Docket Nos. 363, 372) are DENIED. To the extent that this Court has ruled on plaintiff's motion for sanctions, the motions for expedited determination (Docket Nos. 394, 396) are GRANTED.

In Docket No. 364, plaintiff appears to report additional assaults by correctional staff in July, August, and September 2017. However, plaintiff does not request any relief beyond stating that he "may need to request continuances or stays of the proceedings." Accordingly, this motion is DENIED without prejudice.

In Docket No. 375, plaintiff alleges that he was the victim of another assault by correctional staff in December 2017 that left his right thumb broken. In this motion, plaintiff states that he will seek a stay of this litigation until his thumb heals. Nevertheless, plaintiff has not shown that a stay is warranted; as evidenced by his many motion filings, he continues to prosecute this case vigorously. Accordingly, the motion to stay is DENIED.

In two motions (Docket Nos. 365, 370), plaintiff suggests that defense attorney Katherine Briggs violated the Massachusetts Rules of Professional Conduct by failing to provide a release

form for plaintiff to obtain a "certified copy of [his] Boston Medical Center records." Because defendants have not yet responded to these motions, they will be left pending.

In a motion dated December 26, 2017 (Docket No. 374), plaintiff requests that he be permitted to have a medical expert and forensic psychologist examine him. The motion was docketed on January 8, 2018. However, the Court entered its first scheduling order on May 25, 2016. That order set a deadline of August 31, 2016, for the parties to indicate whether they intended to call experts. Over the next 18 months, the Court extended discovery deadlines multiple times, most recently on May 22, 2017. On that date, the Court set the deadline for plaintiff to complete any expert disclosures at August 28, 2017. Approximately four months elapsed before plaintiff indicated he intended to call an expert. Because plaintiff has not shown good cause why he should be permitted to conduct expert discovery after discovery has closed, the motion is DENIED.

In Docket No. 376, plaintiff filed a motion titled "Motion for Illegal Stealing of All Outgoing Legal Mail Since December 11, 2017." In the motion, he alleges that correctional staff have been stealing his legal correspondence and requests that the Court "backdate" all his filings. He also requests that defendants provide all video footage of the outgoing mailbox at Old Colony Correctional Center on certain dates, along with various audio recordings. It is unclear, among other things, that this Court can provide any relief in this situation. Accordingly, the motion is DENIED without prejudice.

Two motions concern to the docket sheet. In Docket No. 377, plaintiff requests a copy of the docket sheet. That motion is GRANTED, and the clerk is directed to mail a copy of the docket sheet to plaintiff. In Docket No. 386, plaintiff claims that the "administrative procedures of the clerk's office and court have irreparably prejudiced the proceedings." He alleges that his

motions have been omitted from the docket.  This appears to be incorrect, and that motion is DENIED.

Finally, in Docket No. 395, plaintiff requests that he be permitted to amend the complaint to seek special damages.  For the reasons stated in the Court's December 7, 2017 memorandum and order, this motion is untimely and is DENIED.

**So Ordered.**

                                                              /s/  F. Dennis Saylor
                                                              F. Dennis Saylor IV
Dated: March 14, 2018                          United States District Judge