United States District Court
District of Massachusetts (Boston)

Jason Labrone,
    Plaintiff

v.

Vincent Poon,
    Defendant

C.A. No. 14-CV-13481-FDS

Motion In Limine To Exclude Affirmative Defense Of Pre-Existing Injury; Failure To Mitigate Damages And Avoidable Consequences

Now comes the plaintiff Jason Labrone moving to exclude the affirmative defense of pre-existing injury, failure to mitigate damages and avoidable consequences, as the defendant has failed to timely assert the affirmative defense of pre-existing injury to left thumb MCP joint, thus forfeiture is law and mitigation of damages and avoidable consequences are not recognized under Massachusetts laws.

Plaintiff's Disputed Issue Of Law Or Legal Theory:

    A) Pre-Existing Injury Law In Massachusetts

It is well settled case law that "if a plaintiff attempts to claim damages for a pre-existing injury that defendant believes was not aggravated [by her slip and fall], defendant will be able to introduce medical evidence to the contrary."

Plaintiff has claimed pre-existing injury exacerbation and aggravation causing a worsening of his precondition in his left thumb as a result of the assault since the filing of the original complaint. More specifically, the plaintiff at Dkt #344 clearly stated facts surrounding the pre-existing condition at (Exhibit A, s. 48, 49; Exhibit B, s. 66; Exhibit C, s. 69; Exhibit D, s. 131). Although the motions to amend at Dkt #345, 350 were denied, the complaint at Dkt #344 still stated controlling facts as to pre-existing condition which were known to defendants.

The plaintiff further stated facts disputing or placing his pre-existing condition in dispute at Dkt #407. (See Exhibit E, s. 51, 52; Exhibit F, s. 56.) The plaintiff even cyhts records radiology reports from 2009 evincing a prior existing condition. (See Exhibit G, s. 68).

The defendants never at any point during the litigation raised the pre-existing injury defense. Furthermore, despite being served with a full medical records disclosure, the defendants never raised the affirmative defense in their summary judgment pleadings or in a sur-reply rebuttal to Dkt #407, "Plaintiff's Statement Of Facts In Support Of Summary Judgment." Defendants have had notice of the medical records from Boston Medical Center since 12/11/17 and have never attempted to address the plaintiff or counter on the pre-existing condition despite knowing plaintiff's intent to argue the theory at trial of aggravation of the prior condition. (See Exhibit H, at Enclosures).

Caselaw is well settled, "as to waiver of the pre-existing condition defense, it has been stated that forfeiture is generally the penalty for failure to raise an affirmative defense in the pleadings." In Williams V. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir 1995), the First Circuit explained that "generally speaking, a party must set forth all affirmative defenses in the pleadings, on pain of possible forfeiture.... [A] defendant who fails to assert an affirmative defense at all, or who asserts it in a largely uninformative way, acts at his peril." See Also Fed. R. Civ. P. 8(c). "A review of the record reveals that nowhere in the pleadings was the defense of pre-existing condition advanced..... Additionally, the pretrial order made no mention of the defense either. Such failure also required that defendant be precluded from arguing the defense after being raised for the first time at such an advanced stage in the case. It has been held that pretrial conferences under FRCP 16 are designed to assist the trial judge in the formulation of the issues, including eliminating frivolous claims or defenses. Torres V. Kmart Corp., 233 F. Supp. 2d 273 (1st Cir. 2002).

The defendants have failed to advance the affirmative defense of pre-existing injury and therefore have forfeited the defense by not raising it in the summary judgment only citing DOC health services records, despite having BMC medical disclosures since 12/11/17 and knowledge of the plaintiff's intent to claim exacerbation of his 1st MCP joint injury to his left thumb. Further, plaintiff anticipates it will not be raised in the pretrial memoranda and if it is, it is untimely. Defendants are precluded from raising the issue orally in court on 6/26/18 on second thought after waiving the defense for so long.

See Kurylo V. Rizzo, US Dist Lexis 38487 (1st Cir. 2017), "And, while plaintiff's conduct is censurable, I am troubled that "...defendant did not raise this issue with the court until parties final pretrial conference

on January 4, 2017, well after the court realistically could have intervened to remedy the situation."

The plaintiff has plead and asserted his right to recover compensatory damages for the pre-existing injuries aggravation in prior filing and at summary judgment. See Stevens V. Bangor and Aroostook R.R., 97 F.3d 594, 601 (1996), Id at 602 acknowledging "that the statute did not specify how to apportion damages" when the causes of plaintiff's disability are inseparable." See Crowther V. Conrail, US Dist Lexis 106214 (1st Cir. 2016), " In short, the court will consider claims for aggravation of a pre-existing injury." See Lovely V. Allstate Insurance Co., 658 A.2d 1091, 1094 (Me. 1995), Id at 658 A.2d at 1092, " Under Maine law, where" a negligent actor, by aggravating a pre-existing injury, produces an aggregate injury that is incapable of apportionment," the defendant is liable for the entire amount of damages."

"Thus where a defendant claims that a plaintiff's damages are due in whole or in part to a pre-existing injury, "the burden shifts to the defendant to prove by a preponderance of the evidence that the other condition or factor caused the plaintiff's damages in whole or in part." Merrill V. Sugarloaf Mountain Corp., 2000 ME 16, 745 A.2d 378, 385 (Me. 2000).

However, the burden in this instant matter never shifts and is undisputed because defendants have never raised the prior existing injury affirmative defense. Alluding to a defense in a cursory manner is not preserving a right to try the issues. The defendants lack the standing inquiry requirements to challenge an affirmative defense this late in the case. See US V. Slade, 980 F.2d 27, 31 (1st Cir. 1992)," A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks."; Rivera-Gomez V. Adolfode Castro, 843 F.2d 631, 635 (1st Cir. 1988)," Judges are not expected to be mind readers. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly or else forever hold its peace."

The defendants cannot state this omission at this stage of an affirmative defense is harmless or non prejudicial. It is simply the law. See McCoy V. Mass. Inst. of Tech., 950 F.2d 13, 22 n.7 (1st Cir. 1991), "courts are entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion." The defendants are represented by the DOC Legal Division and failed to do so. "Unlike a mere failure to object, which results in forfeiture of the argument, a litigant waives a claim when he or she "intentionally relinquishes or abandons a known right." United States V. Walker, 538 F.

3d 21, 23 (1st Cir. 2008).

** Nevertheless, the defendants can introduce medical evidence or testimony that the injury sustained did not cause damages, however, they are precluded from addressing the pre-existing injury and limited to the ordinary injuries which would normally follow an assault of this nature as represented in the DOC health services records. **

Anderson V. Plymouth Rock Assur. Corp., 2009 Mass.App.Div. 11 (2009), "In a personal injury context, evidence of a pre-existing injury does not preclude recovery under Massachusetts law."; Morgan V. Arbella Mut. Ins. Co., 17 Mass. L. Rep. 631 (2004), "Where a tortfeasor causes an injury that when combined with a pre-existing injury brings about greater harm to the plaintiff than would have resulted from the injury alone, the tortfeasor is liable for all the consequences."

Lastly, defendants must be precluded from arguing the plaintiff's failure to mitigate damages and avoidable consequences defenses because "neither of these defenses are recognized in Massachusetts." Nascimento V. Ford Motor Co., Mass. Super. Lexis 82, 1993 WL 818646, at *1 (Mass. Super 1993). See Correia, 388 Mass. at 357, "no recovery by the plaintiff shall be diminished on account of any other conduct which might be contributorily negligent."

Wherefore, the plaintiff requests that this Honorable Court allow this motion in limine to exclude the affirmative defense of pre-existing injury, failure to mitigate damages, and avoidable consequences by law in Massachusetts.

Respectfully Submitted,

Jason Latimore W102021
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

Date: July 30th, 2018

Certificate of Service: I the plaintiff Jason Latimore do certify, that on this day July 30th 2018 I did mail a copy of the Motion In Limine To Exclude Affirmative Defense ( Pre-Existing Injury, Failure To Mitigate Damages And Avoidable Consequences To Defendants' Cansel.