## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| JASON LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-13481-FDS |
| | ) | |
| VINCENT POON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON MOTIONS IN LIMINE

**SAYLOR, J.**

The Court makes the following rulings on the motions *in limine* of the parties. All

rulings are subject to revision or reconsideration depending on the evidence presented at trial.

1.       In docket no. 514, plaintiff has requested evidentiary rulings on various issues.

The motion is granted in part and denied in part, as follows:

- The motion is DENIED as to the shift commander summary reports. Plaintiff

    contends that the purpose of the evidence is to show "the conspiratorial design

    of covering up all evidence and reporting requirements related to the 11/2/11

    assault." The only defendant is Vincent Poon; the shift commanders are not

    defendants. Furthermore, plaintiff appears to request that the Court instruct

    the jury that it is "routine practice to report issuance (sic) of disciplinary

    action in the shift commander summary report." The Court cannot instruct the

    jury as to a factual matter.

- The motion is DENIED as to the Kelleher affidavit. Although it is unclear,

plaintiff appears to seek to require an affidavit from an attorney, Victoria Kelleher, certifying certain records. The Court cannot require a witness to provide an affidavit.

- The motion is DENIED as to the request for a Rule 45 subpoena to the former Superintendent of MCI-Norfolk, Gary Roden. The motion seeks the testimony of Roden concerning evidence of spoliation of evidence. There does not appear to be any factual basis for believing that Roden spoliated any evidence or directed that it be done.

- The motion is GRANTED as to the employment records from Aerotek, Inc. It appears that the records are admissible, assuming they are offered in proper form, and that plaintiff intends to use the records for the limited purpose of proving damages.

- The motion is DENIED as to the last will and testament of Harvie Latimore Jr. It is unclear what relation Harvie Latimore Jr. has to the plaintiff, and the will has no apparent bearing on this case.

- The motion is DENIED as to the disciplinary history of William Grossi, the former Director of Security at MCI-Norfolk. Grossi was not involved in the alleged assault at issue, and it does not appear that he has any relevant evidence to offer.

- The motion is DENIED without prejudice as to the disciplinary history of defendant Vincent Poon. It is possible that the records are relevant to show bias or otherwise to impeach Poon, but a proper factual basis needs to be made.

2.     In docket no. 539, defendant has moved to preclude certain witnesses from testifying.  The motion is granted in part and denied in part without prejudice, as follows:

- The motion is GRANTED with respect to William Grossi, the former Director of Security at MCI-Norfolk.  As set forth above, Grossi does not appear to be a witness.

- The motion is GRANTED with respect to Gary Roden, the former Superintendent of MCI-Norfolk.  Roden was not involved in the alleged assault at issue, and it does not appear that he has any relevant evidence to offer.

- The motion is GRANTED with respect to Karen Hetherson, the former Assistant Deputy Commissioner of the Administrative Services Division. Hetherson was not involved in the alleged assault at issue, and it does not appear that she has any relevant evidence to offer.

- The motion is GRANTED with respect to David Clancy, a corrections officer. Clancy was not involved in the alleged assault at issue, and it does not appear that he has any relevant evidence to offer.

- The motion is GRANTED with respect to John Ginnetty, a former corrections officer.  Ginnetty was not involved in the alleged assault at issue, and it does not appear that he has any relevant evidence to offer.

- The motion is GRANTED with respect to Stephen Gatewood, a former corrections officer.  Gatewood was not involved in the alleged assault at issue, and it does not appear that he has any relevant evidence to offer.

- The motion is GRANTED with respect to "Alvarado" and "D. Moniz," whose

identities remain unknown.

- The motion is DENIED without prejudice as to Sonja Latimore and Jessie Spann, who are plaintiff's mother and grandmother, respectively. It is undisputed that neither individual witnessed the alleged assault. Both, however, may testify about the extent of plaintiff's injuries to the extent they may have relevant personal knowledge.

- The motion is DENIED without prejudice as to the medical witnesses. Given the limited scope of the trial, allowing plaintiff to call a half dozen or so medical witnesses would appear to be needlessly cumulative. Plaintiff will be permitted to call medical professionals to provide relevant and non-cumulative testimony.

3.      In docket nos. 563 and 574, plaintiff seeks to exclude the affirmative defenses of "pre-existing injury, failure to mitigate damages, and available consequences." It is uncertain exactly what plaintiff means in this context. However, defendant is entitled to argue that any injuries plaintiff had were pre-existing, or that he did not mitigate those injuries. Accordingly, the motions are DENIED without prejudice.

4.      In docket nos. 566 and 575, plaintiff has moved to exclude evidence of an alleged assault he suffered on November 25, 2017. The incident was not reported until two months later, on January 24, 2018. Defendant has indicated that he intends to elicit testimony concerning the incident to impeach plaintiff's credibility by recounting a history of fabricated and/or exaggerated injuries. Therefore, assuming plaintiff testifies at trial, the motions are DENIED without prejudice. For the same reasons, defendant's motions to admit this evidence in docket nos. 576 and 577 are provisionally GRANTED, subject to establishing relevance and laying a

4

proper foundation at trial.

5.  In docket no. 567, plaintiff seeks to exclude certain mental-health records and diagnoses performed by prison medical staff between 2015 and 2018. In support, he contends that his mental-health records are privileged.

The basic question is whether plaintiff has waived the psychotherapist-patient privilege. Courts have taken a variety of approaches to the subject of waiver. A number of courts, including Judge Tauro in *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997), have adopted a "narrow approach," in which the privilege is only waived where plaintiff "introduce[s] evidence regarding the substance of h[is] conversations with h[is] psychotherapist in order to further h[is] claim of emotional damage," for example "by calling [his] psychotherapist as a witness . . . or by testifying to the substance of the communication h[im]self." 174 F.R.D. at 230. That approach appears to be unduly restrictive and potentially unfair. Other courts have adopted a broader approach, under which a plaintiff waives the privilege by making any claim of emotional distress or otherwise "placing his or her medical condition at issue." *See, e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997). Still others have adopted a "middle ground" approach, in which plaintiff waives the privilege only if he "alleges a separate tort for the distress, a [ ] specific psychiatric injury or disorder, or unusually severe distress," and not by "merely alleg[ing] 'garden variety' emotional distress." *Koch v. Cox*, 489 F.3d 384, 390 (D.C. Cir. 2007) (quoting *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 n.8 (D.N.J. 2000)).

Here, plaintiff has brought a separate claim for intentional infliction of emotional distress. He alleges that as a result of the assault, he suffered traumatic mental injuries that will affect him for life. The narrow approach to privilege waiver appears to be unduly restrictive, and this Court

declines to adopt it.  Under either the broad or middle ground approach, plaintiff has clearly

waived the psychotherapist-patient privilege as to his present and future mental health.  *See*

*Sanabria v. Martins*, 568 F. Supp. 2d 220, 229 (D. Conn. 2008) ("By claiming intentional

infliction of emotional distress in the third count of his Amended Complaint, Plaintiff has waived

the psychotherapist-patient privilege he would otherwise enjoy.").  Accordingly, the motion is

DENIED.  For the same reasons, defendant's motion to admit the mental health records in docket

no. 576 is provisionally GRANTED, subject to establishing relevance and laying a proper

foundation at trial.

6.      In docket no. 568, defendant has moved to preclude plaintiff from raising a

spoliation argument.  In multiple prior motions, plaintiff raised the possibility that the alleged

assault had been captured by prison video cameras and that corrections officials had deliberately

destroyed the evidence.  There is no evidence that any video still exists, and no direct evidence

that it was deliberately spoliated.  Nor is there any evidence that defendant Poon had any role in

any failure to preserve video evidence.  Nonetheless, plaintiff will be permitted to testify from

his personal knowledge (for example, that there were video cameras in the area of his cell) and

draw reasonable inferences from the evidence (for example, that because no video footage has

been produced, no steps were taken to preserve it).  He will not, however, be permitted to

speculate about issues as to which there is no evidence (for example, that Poon personally had

custody of the video evidence and destroyed it).

7.      In docket no. 572, plaintiff again contends that his injuries have prevented him

from making timely filings.  In addition, he contends that his law library access has been limited.

The Court has already indulged many of plaintiff requests for extension of time, most recently

granting him an additional two weeks on July 23, 2018.  In its order, the Court stated that no

further extensions would be granted. Accordingly, the motion is DENIED.

8.   In docket no. 573, plaintiff seeks to exclude defendant from asking about another pending case in this district, *Latimore v. Chelsea*, 17-cv-10817-WGY. Defendant has represented that he intends to cross-examine plaintiff on this matter to establish a pattern of frivolous claims. Accordingly, the motion is DENIED without prejudice.

9.   In docket no. 580, plaintiff seeks to exclude defendant from cross-examining him on his own criminal and disciplinary records. However, given the subject matter of the suit and the fact that plaintiff will be testifying, these may be appropriate areas of cross-examination, subject to the requirements of Fed. R. Evid. 404, 609, and other evidentiary requirements. Accordingly, the motion is DENIED without prejudice. For the same reasons, defendant's motion to admit this evidence in docket no. 583 is provisionally GRANTED, subject to establishing relevance and laying a proper foundation at trial.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: September 14, 2018                 United States District Judge