# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JASON LATIMORE, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 14-13481-FDS |
| VINCENT POON, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANT VINCENT POON'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AS TO COUNT THREE

SAYLOR, J.

This action arises out of an alleged attack on a prisoner by a correctional officer at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). The complaint alleges that on November 2, 2011, defendant Vincent Poon repeatedly slammed the door to plaintiff Jason Latimore's cell on his hands and arms, severely injuring him.

Count Three of the second amended complaint asserts a claim for relief under Article 26 of the Massachusetts Declaration of Rights. Specifically, plaintiff contends that defendant violated Article 26 (freedom from cruel or unusual punishments). Defendant previously moved for summary judgment as to Count Three, contending plaintiff is precluded from claiming damages directly under the Declaration of Rights. With some doubt as to whether there is a private right of action for such a claim, the Court denied that motion, concluding that the complaint states a claim for violation of Article 26.

In light of this Court's recent decision in *Pimentel v. City of Methuen*, 323 F. Supp. 3d

255 (D. Mass. 2018), defendant has renewed his motion for summary judgment as to Count Three.

In *Pimentel*, this Court concluded: "The SJC has never held that there is a right of action to enforce the Declaration of Rights. It did suggest, 35 years ago, in dicta, that such a right 'may' be available. . . [However] [n]o Massachusetts appellate court, in the 35 years since *Phillips* [*v. Youth Dev. Program, Inc.*, 390 Mass. 652 (1983)], has ever held that such a right exists." 323 F. Supp. 3d at 273-74. In light of this history, the Court held that "it is emphatically not the role of the federal courts to develop and expand upon state law. If this Court were to conclude that such a right existed, no Massachusetts court would have an opportunity to consider that decision—including, among other things, an opportunity to consider the wisdom of the policy embedded in such a decision and the potential consequences for litigants and the courts. It is up to the courts of Massachusetts, not this Court, to make that choice." *Id.*

Because the Court finds there is no private right of action under Article 26, defendant's supplemental motion for summary judgment as to Count Three is GRANTED.

**So Ordered.**

Dated: October 19, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge